## 520 W. 43rd St. Reit LLC v Hopeman

2024 NY Slip Op 31343(U)

April 17, 2024

Supreme Court, New York County

Docket Number: Index No. 151423/2024

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LOUIS L. NOCK**                          **PART**                      **38M**

*Justice*

-----------------------------------------------------------------------------X

520 WEST 43RD STREET REIT LLC,

                         Plaintiff,

                - v -

MARILYN Q. HOPEMAN,

                   Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151423/2024 |
| **MOTION DATE** | 02/21/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17

were read on this motion for            AFFIRMATIVE INJUNCTIVE RELIEF    .

Plaintiff is the owner of an apartment building located at 520 West 43rd Street, in Manhattan.  Defendant *pro se* is a tenant of the building, residing in Apartment 20H thereof (the "Apartment").  Plaintiff commenced this action seeking an injunction "directing that . . . Defendant prepare the Apartment for extermination and directing that Defendant allow access to the Apartment to Plaintiff's contractors for the purpose of exterminating roaches and any other vermin and/or insects" (Complaint ¶ 28).  The complaint also seeks money damages allegedly caused by such infestation, as well as attorneys' fees.

Plaintiff moved, by order to show cause filed February 22, 2024 (NYSCEF Doc. No. 14) (the "Order to Show Cause"), for an affirmative preliminary injunction[1]:

> (a) Directing that Defendant grant immediate unfettered access to Plaintiff and its exterminator to the premises located at 520 West 43rd Street, Apartment 20H, New York, New York (the "Apartment") for the purpose of treating a severe roach and vermin infestation until such treatment is completed;

---

[1] Courts possess the authority to issue affirmative injunctive relief (*see*, Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.06).

**151423/2024   520 WEST 43RD STREET REIT LLC vs. HOPEMAN, MARILYN Q.**                          **Page 1 of 5**
  **Motion No.  001**

(b) Directing that Defendant immediately prepare the Apartment for extermination by, including but not limited to, moving all items away from the walls of the Apartment, removing all clutter from the Apartment, and removing all items from the kitchen cabinets;

(c) Staying out of the Apartment for four (4) hours after treatment; and

(d) For such other, further and different relief as the Court may deem just and proper.

At the time of filing of the Order to Show Cause, this court denied plaintiff's request for interim relief parallel to the aforesaid preliminary injunctive relief, pending argument (*see*, NYSCEF Doc. No. 14). Such argument was conducted on the record on April 11, 2024. In the aftermath of said argument, and after a thorough review of the submissions, this court now grants plaintiff's motion for an affirmative preliminary injunction.

CPLR 6301 authorizes the issuance of injunctive relief "where it appears that the defendant . . . is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action . . . or . . . where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff." The motion is granted for the reasons set forth in plaintiff's submissions and as iterated by plaintiff's counsel on the record.

Plaintiff submits the affidavit of Erika Halburnian (NYSCEF Doc. No. 5), the manager of plaintiff's property management company. Ms. Halburnian attests that:

. . . Plaintiff has been attempting, unsuccessfully, for weeks to gain access to Defendant's Apartment to treat a severe reach infestation in the Apartment that has spread into neighboring apartments and the public hallway in the Building. Defendant, however, has steadfastly and unreasonably refused to provide access to her Apartment for treatment. Moreover, Defendant keeps the Apartment in an extremely cluttered condition exacerbating, if not in fact causing, the roach infestation.

**151423/2024   520 WEST 43RD STREET REIT LLC vs. HOPEMAN, MARILYN Q.**                          **Page 2 of 5**
     **Motion No.  001**

2 of 5

After repeated attempts to gain Defendant's voluntary cooperation and after having Plaintiff's counsel write to Defendant she has remained intransigent in her refusal to cooperate. In the meantime, the problem only grows worse and compels other tenants to live with an unsanitary and intolerable roach infestation.

This matter first came to Plaintiff's attention when on or about December 4, 2023, the neighboring apartments on either side of Defendant's Apartment advised management that they observed roaches in their respective apartments. On December 14, 2023, Defendant allowed access to her Apartment to myself and the exterminator for an inspection. We observed a significant roach infestation. Additionally, I observed a "hoarding" condition in Plaintiff's Apartment with boxes, books, and other items piled through the Apartment and in the kitchen with the cabinets packed to the rim with various items.

(NYSCEF Doc. No. 5 ¶¶ 7-9.)

Ms. Halburnian also identifies and submits an Exterminator's Report (NYSCEF Doc. No. 8) involving the Apartment, which states:

The technician stated the unit has a hoarder situation. The roaches are nesting in boxes, books, and other items in the unit. He treated the best he could due to the conditions in the unit. As you know, the unit needs to be cleaned as soon as possible so it can be thoroughly treated. The tenant would benefit from weekly treatment if willing to give access.

The lease (NYSCEF Doc. No. 13) contains a provision titled "ENTRY TO APARTMENT" (§ 15), which states:

During reasonable hours and with reasonable notice, except in emergencies, Owner may enter the Apartment for the following reasons: . . . to inspect the Apartment and to make any necessary . . . changes Owner decides are necessary.

The lease contains a further provision titled "OBJECTIONABLE CONDUCT" (§ 12), which states:

As a tenant in the Building, You will not engage in objectionable conduct. Objectionable conduct means behavior which makes or will make the Apartment or the Building less fit to live in for You or other occupants. It also means anything which interferes with the right of others to properly and peacefully enjoy their Apartments, or causes conditions that are dangerous, hazardous, unsanitary and detrimental to other tenants in the Building.

**151423/2024   520 WEST 43RD STREET REIT LLC vs. HOPEMAN, MARILYN Q.**               **Page 3 of 5**
**Motion No.  001**

3 of 5

[* 3]

Defendant *pro se* was provided an opportunity, during oral argument, to present her point of view. Ultimately, she did not, or could not, explain a reason for any objection to plaintiff's right under the lease to conduct a necessary sanitization of the Apartment such that defendant, as well as her neighbors within the building, might enjoy a cleaner, safer, environment in which to live.

Based on the record, plaintiff's motion for injunctive relief should be granted, as follows.

IT IS ORDERED that the plaintiff's motion for injunctive relief is granted; and, therefore, it is

ORDERED that plaintiff and its contractor or contractors shall be permitted to enter the apartment located at 520 West 43rd Street, Apartment 20H, New York, New York (the "Apartment") commencing on a date and time which plaintiff shall notify defendant of 24 hours in advance, falling within four weeks following the date of filing hereof, for the purpose of cleaning, sanitizing, and removing refuse at, the Apartment so as to facilitate the extermination of roaches, vermin, and/or other insects and/or rodents, and that plaintiff and its contractor or contractors may prepare the Apartment for said treatment by moving all items away from the walls of the Apartment, removing all refuse from the Apartment, and removing all items from the kitchen cabinets; and it is further

ORDERED that plaintiff and its contractor or contractors shall be afforded a maximum of two days, starting from the above-described commencement date of which defendant shall be advised, as aforesaid, in which to complete such treatment; and it is further

**151423/2024   520 WEST 43RD STREET REIT LLC vs. HOPEMAN, MARILYN Q.**
**Motion No.  001**

**Page 4 of 5**

[* 4]

4 of 5

ORDERED that defendant shall be allowed to be present at or proximate to the Apartment during the aforesaid activities to observe same, but shall not interfere with said activities; and it is further

ORDERED that defendant shall stay outside of the Apartment for a minimum period of four hours after extermination activities have concluded; and it is further

ORDERED that plaintiff shall cause a copy of this decision and order to be served on defendant on or before April 19, 2024; and it is further

ORDERED that a status conference be held at the Courthouse, 111 Centre Street, Room 1166, New York, New York, on May 22, 2024, at 10:00 a.m.

_Louis L. Nock_

**4/17/2024**
**DATE**

**LOUIS L. NOCK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**151423/2024   520 WEST 43RD STREET REIT LLC vs. HOPEMAN, MARILYN Q.**
**Motion No.  001**

**Page 5 of 5**

5 of 5